

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,121

### EX PARTE LEOBARDO MACIAS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 07-12-00177-CRK IN THE DISTRICT COURT
### FROM KARNES COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a deadly weapon in a penal institution and sentenced to five years' imprisonment. Applicant attempted to appeal his conviction, but the appeal was dismissed for want of jurisdiction. *Macias v. State*, No. 04-08-00661-CR (Tex. App–San Antonio, delivered October 29, 2008).

Applicant contends that his counsel failed to timely file a notice of appeal. Counsel filed an affidavit in support of Applicant's application and admits that he placed the notice of appeal in

the mail one day past the deadline.

Counsel failed to timely file a notice of appeal. We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 07-12-00177-CRK from the Judicial District Court of Karnes County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: April 1, 2009
Do Not Publish